1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT

9
EASTERN DISTRICT OF CALIFORNIA

10

11
KARLIS RUBEN AUGUSTUS
HOWARD,

No.  1:24-cv-00285-SAB (PC)

12
Plaintiff,

SCREENING ORDER GRANTING
PLAINTIFF LEAVE TO FILE AN
AMENDED COMPLAINT

13

14
v.

(ECF No. 1)

AYLANA OLIVIA PARKS, et al.,

15

16
Defendants.

17

18
     Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

19
U.S.C. § 1983.

20
     Currently before the Court is Plaintiff's complaint, filed March 7, 2024.

21
**I.**

22
**SCREENING REQUIREMENT**

23
     The Court is required to screen complaints brought by prisoners seeking relief against a

24
governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25
Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26
"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

27
"seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

28

1 1915(e)(2)(B); <u>see also</u> 28 U.S.C. § 1915A(b).

2    A complaint must contain "a short and plain statement of the claim showing that the

3 pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5 conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell</u>

6 <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

7 that each defendant personally participated in the deprivation of Plaintiff's rights.  <u>Jones v.</u>

8 <u>Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

9    Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10 liberally construed and to have any doubt resolved in their favor.  <u>Wilhelm v. Rotman</u>, 680 F.3d

11 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

12 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

13 that each named defendant is liable for the misconduct alleged.  <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss</u>

14 <u>v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

15 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16 liability" falls short of satisfying the plausibility standard.  <u>Iqbal</u>, 556 U.S. at 678; <u>Moss</u>, 572 F.3d

17 at 969.

18                                  **II.**

19                            **DISCUSSION**

20    **A.    Rule 8(a) of the Federal Rules of Civil Procedure**

21    Plaintiff's complaint does not comply with Rule 8.  The Court declines to expend its

22 limited resources to review and summarize Plaintiff's allegations since the complaint clearly

23 violates Rules 8, 18 and 20.

24    Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

25 exceptions, none of which apply to § 1983 actions. <u>Swierkiewicz v. Sorema</u>, N.A., 534 U.S. 506,

26 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain

27 statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2).

28 "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the

1  grounds upon which it rests." Id. The federal rules contemplate brevity. See Galbraith v. County

2  of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have

3  now disapproved any heightened pleading standard in cases other than those governed by Rule

4  9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Rule

5  8 requires Plaintiff to set forth his claims in short and plain terms, simply, concisely and directly.

6  See Swierkiewicz, 534 U.S. at 514 ("Rule 8(a) is the starting point of a simplified pleading

7  system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The

8  Court (and each defendant) should be able to read and understand Plaintiff's pleading within

9  minutes. McHenry v. Renne, 84 F.3d 1172, 1179–80 (9th Cir. 1996).

10         Plaintiff's complaint fails to comport with Rule 8(a)'s requirement for "a short and plain

11  statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint is 239

12  pages in length and contains a myriad of claims against various defendants based on different

13  events at different institutions spanning over several years.  (ECF No. 1.) Plaintiff's lengthy

14  narrative does not clearly or succinctly allege facts against the named defendants.  The Court will

15  grant Plaintiff leave to file a first amended complaint not exceeding 25 pages. The total number of

16  pages, including the form complaint and any exhibits, must not exceed 25 pages. If typewritten,

17  the body of the first amended complaint must be double-spaced. If handwritten, the first amended

18  complaint must be legible and written in reasonably-sized handwriting. Plaintiff should not

19  include legal analysis in the first amended complaint, Plaintiff should endeavor to make it as

20  concise as possible in no more than 25 double-spaced pages. He should merely state which of his

21  constitutional rights he feels were violated by each Defendant or group of Defendants and the

22  factual basis.  If Plaintiff fails to comport with these requirements, the first amended complaint

23  may be dismissed or stricken from the record for failure to comply with the Court's order.

24         **B.     Joinder of Claims**

25         Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed.

26  R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith,

27  507 F.3d 605, 607 (7th Cir. 2007); Mackey v. Price, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec.

28  11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021).

Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349.  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

It is clear that Plaintiff improperly joins claims and defendants. Plaintiff cannot join claims that are unrelated with other claims in a single action.  In any amended complaint, Plaintiff must choose which defendants and claims he wishes to pursue in this action. As indicated, Plaintiff may not pursue each and every claim that he may have against several defendants in this action, for numerous issues.  If Plaintiff's amended complaint continues to improperly join claims and defendants, however, the Court will choose which cognizable claims, if any, that Plaintiff may pursue.  In addition, the Court declines to expend its scarce resources screening improperly joined claims.

**C.     Improper Venue**

Venue for any prison officials from San Bernardino County is improper in this District.

Defendants may waive improper venue, but a court may sua sponte consider whether venue is proper if the defendants have not yet appeared in the action. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). 28 U.S.C. § 1391, which governs venue for civil actions filed in the federal courts, provides that an action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Thus, where venue is improper, the "court has some discretion in choosing between these two options [dismissal or transfer], though generally it is preferred to transfer the case rather than dismissing it altogether." Abrams Shell v. Shell Oil Co., 165 F.Supp.2d 1096, 1103 (C.D. Cal. 2001). "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including loss of otherwise timely claims if new suits are blocked by statutes of limitations." Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quotation marks and citation omitted).

Plaintiff seeks to bring claims against prison officials from San Bernardino County. Venue is improper in this district for any such defendants. Plaintiff is instructed that if he wishes to name any officials from San Bernardino County, he must do so in the proper District Court. If Plaintiff names any San Bernardino County official, the Court may choose to dismiss the defendant as being named in an improper venue.

**III.**

**CONCLUSION AND ORDER**

For the reasons discussed, Plaintiff fails to comply with the Federal Rules of Civil Procedure.  Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint

be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ").

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.   Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

3.   Plaintiff's amended complaint **shall not exceed twenty-five (25) pages** in length; and

4.   If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **March 22, 2024**

_____
UNITED STATES MAGISTRATE JUDGE