UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIS RUBEN AUGUSTUS HOWARD,<br><br>  Plaintiff,<br><br>  v.<br><br>AYLANA OLIVIA PARKS, et al.,<br><br>  Defendants. | No. 1:24-cv-00285-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 12) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed June 20, 2024. (ECF No. 12.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

1

"seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

The incidents at issue in the third amended complaint took place at Wasco State Prison. Plaintiff names inmate Scott Stansell, City of Wasco, officer Rodriguez, officer J. Fernandez, officer C. Retamoza, sergeant B. Maddix, lieutenant R. Singleton, supervisor R. Nickell, lieutenant S. Sanchez, officer K. Carpenter, warden H. Shirley, the California Department of Corrections and Rehabilitation, County of Kern, and Wasco State Prison, as Defendants.

Plaintiff's third amended complaint is a verbatim copy of the second amended complaint,

2

1   with the addition of state law allegations of intentional infliction of emotional distress, assault and
2   battery, and Bane Act violation with respect to Defendant inmate Scott Stansell.
3         Plaintiff arrived at Wasco State Prison on March 2, 2023, and placed in C-3 A-side on or
4   about March 16, 2023.  From March 16, to May 16, 2023, Plaintiff witnessed over 20 instances of
5   violence in Dorm C-3, where no action was taken by staff, including all the named Defendants.
6         On April 7, 2023, at approximately 6:30 a.m., Plaintiff was standing by his rack waiting
7   for C-yard to open when he was threatened by inmate Scott Stansell.  Scott Stansell threatened
8   Plaintiff stating, "I'm going to beat your mother fucking ass" and "go get into the shower mother
9   fucker" and "lets go fight…right now motherfucker, I'm going to kick your ass, I'm going to
10  punch and kick your ass."  Inmate Stansell then proceeded to act on his threat by assaulting and
11  battering Plaintiff resulting in physical injuries.  Stansell continued to attack Plaintiff with no
12  action taken by officer Rodriguez as a result of lack of training and supervision.
13        Plaintiff was able to push inmate Stansell off him and then gestured to officer Rodriguez
14  who took no action to prevent the attack.  Plaintiff contends Rodriguez failed to use reasonable
15  force to stop inmate Stansell from assaulting Plaintiff.  Rodriguez failed to give any verbal orders,
16  failed to use restraints on Stansell, failed to act to stop the fight, and failed to control and report
17  the fight.
18        At approximately 6:45 a.m., Plaintiff saw Stansell approach him stating, I'm going to beat
19  your ass on the yard home boy.  Don't get hit with the gun on the yard homie.  We are going to
20  fight to the death on the yard and I can't wait to get my revenge on you motherfucker.  Don't
21  even think about filing a 602 for this incident.  My gang, the Fresnecks, are at every prisoner, if
22  you file a 602 we will find you and beat your ass."
23        At approximately 7:15 a.m., C-3 yard opened and Plaintiff's exited his cell.  At
24  approximately 7:25 a.m., Rodriguez allowed inmate Stansell out on the C-yard to assault Plaintiff.
25  At approximately 7:42 a.m., Plaintiff was walking to the track on C-yard when he noticed inmate
26  Stansell.  At that point, Stansell yelled out "motherfucker" and took several steps toward Plaintiff
27  then assaulted and battered him by punching him in the head, neck, torse, and chest.  Rodriguez
28  by allowing inmate Stansell out on the C-yard thereby condoned, authorized, created, and allowed

1    Stansell to assault Plaintiff causing injury.  At approximately 7:45 a.m., officers Fernandez,

2    Retamoza and Hasha gave orders to get down on the yard.  Officers Retamoza and Hasha

3    assaulted Plaintiff by lifting their block guns as if to shoot Plaintiff if he failed to comply.  Inmate

4    Stansell then proceeded to strike Plaintiff on the right side of his face knocking Plaintiff

5    completely to the ground.  Officers Retamoza and Hasha then falsely arrested, imprisoned, and

6    assaulted Plaintiff by physically grabbing and placing him in handcuffs while pulling him to his

7    feet.  At approximately 7:45 a.m., Plaintiff and Stansell were escorted off the yard and placed in

8    bird cages.

9    On or about April 12, 2023, Plaintiff was provided a copy of a Rules Violation Report for

10   the incident and charged with fighting.

11   Upon learning, hearing, and witnessing the attack by inmate Stansell on April 7, 2023,

12   Rodriguez could and should have taken some action to stop the attack, but he took no action

13   whatsoever from the time of the first assault to the end of the second assault.

14   Plaintiff contends supervisors Shirley, Carpenter, Sanchez, and Maddux, failed to train

15   and supervise officer Rodriguez.  From March 2 to May 16, 2023, Dorm C-3 A-side at Wasco

16   State Prison was a place where violent and terror reigned.

17   Inmate Scott Stansell attacked, assaulted, battered, and threatened Plaintiff causing

18   physical, mental, emotional and psychological injuries.  On or about April 7, 2023, inmate

19   Stansell assaulted and battered Plaintiff resulting in physical injuries.  Stansell criminally

20   threatened Plaintiff numerous times stating, "I'm going to beat your mother fucking ass!"

**III.**

**DISCUSSION**

**A.    Section 1983 and Color of State Law**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. See 42 U.S.C. § 1983; Manuel v. City of Joliet, Ill., 137 S. Ct. 911, 916 (2017). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143,

4

1149 (9th Cir. 2011) (citing Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003)); Soo Park v. Thompson, 851 F.3d 910, 921 (9th Cir. 2017). "The 'under color of law' requirement under § 1983 is the same as the Fourteenth Amendment's 'state action' requirement." Chudacoff, 649 F.3d at 1149 (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982)).

Courts have consistently rejected attempts by prisoner plaintiffs to sue fellow inmates under § 1983. See, e.g., Jackson v. Foster, 372 F. App'x 770, 771 (9th Cir. 2010) (concluding that "the district court properly dismissed Jackson's excessive force claim because [fellow] inmate ... did not act under color of state law under any formulation of the governmental actor tests"); see also Gettimier v. Burse, 2015 WL 75224, at *5 n.3 (E.D. Mo. Jan. 6, 2015) ("The fact that a fellow inmate is not a 'state actor' for purposes of § 1983 litigation is so fundamental as to not require citation."); Rigano v. Cty. of Sullivan, 486 F. Supp. 2d 244, 256 n.15 (S.D.N.Y. 2007) ("It is well-established that a § 1983 claim is only cognizable against a state actor and not a fellow inmate."); cf. Williams v. Calidonna, 2007 WL 432773, at *1-2 (N.D.N.Y. Feb. 2, 2007) (dismissing § 1983 action against inmates despite allegation they were working as state informants). Accordingly, Plaintiff cannot succeed in stating a section 1983 claim against fellow inmate Steven Stansell in this case as inmates are not state actors.

**B.     CDCR and Wasco State Prison as Defendants**

CDCR and Wasco State Prison protected under the doctrine of sovereign immunity. The Eleventh Amendment of the United States Constitution prohibits suits against a state and its agencies and departments for legal or equitable relief. See Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 753 (2002). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants and applies whether the relief sought is legal or equitable in nature." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (quotation omitted).

Congress may validly abrogate a state's sovereign immunity by statute, but the Supreme Court has repeatedly emphasized that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Kentucky v. Graham, 473 U.S. 159, 169 n.17 (1985); accord Quern v. Jordan, 440 U.S. 332, 342 (1979); see also Dittman v. California, 191 F.3d 1020, 1025-26 (9th

Cir. 1999). In the context of prisoner lawsuits specifically, the Ninth Circuit has expressly and repeatedly held that CDCR and prisons within CDCR are immune from suit under the Eleventh Amendment. See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Holley v. Cal. Dept. of Corr., 599 F.3d 1108, 1112 (9th Cir. 2010). Because claims under 42 U.S.C. § 1983 against CDCR and Wasco State Prison are barred by the Eleventh Amendment, they are not proper Defendants in this action.

### C.  Failure to Protect

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34; Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Farmer, 511 U.S. at 835 (explaining "deliberate indifference entails something more than mere negligence").

In this case, the alleged deprivation -- being subjected to physical assault – is no doubt sufficiently serious. Liberally construed, Plaintiff's allegations are sufficient to give rise to a cognizable failure to protect claim against Defendant Rodriguez only.

### D.  Monell Liability

As local government units, the County of Kern and City of Wasco are proper defendants in a suit brought under 42 U.S.C. § 1983. See Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Hammond v. County of Madera, 859 F.2d 797, 801 (9th Cir. 1988). However, local government units may be held liable under section 1983 only where the plaintiff alleges

6

facts showing a constitutional deprivation was caused by a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the local government unit or by the local government's final decision maker. Monell, 436 U.S. at 690; Board of the County Commissioners v. Brown, 520 U.S. 397, 402-04 (1997); Navarro v. Block, 72 F.3d 712, 714 (9th Cir. 1995). In other words, a Monell claim exists only where the alleged constitutional deprivation was inflicted in "execution of a government's policy or custom." Monell, 436 U.S. at 694. Here, the complaint contains no such allegations against the County of Kern and City of Wasco. Accordingly, the complaint fails to state a claim against either local government unit. See Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (applying Iqbal's pleading standards to Monell claims).

### E.     Supervisory Liability

A supervisory official is liable under section 1983 if (1) the official is personally involved in the constitutional deprivation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Keates v. Koile, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). "The requisite causal connection can be established ... by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr, 652 F.3d at 1207–08 (internal quotation marks and citations omitted) (alterations in original). Thus, a supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Keates, 883 F.3d at 1243 (quoting Starr, 652 F.3d at 1208).

"Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983." Sullivan v. Biter, No. 15-cv-00243, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) and Starr, 652 F.3d at 1207). In other words, to state a claim against any

individual defendant based on supervisory liability, Plaintiff "must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it." Richard v. Holtrop, No. 15-cv-5632, 2016 WL 11520620, at *5 (C.D. Cal. May 12, 2016) (emphasis in original) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

Plaintiff contends that because of all the instances of violence at Wasco State Prison C-3 there is no way that supervisors Shirley, Carpenter, Sanchez, Maddux could not have known Rodriguez was violating the constitutional rights of inmates, such as Plaintiff. These supervisors took no action to remedy the cause of the violation. Plaintiff has failed to allege facts demonstrating that the supervisor Defendants were either personally involved in or causally connected to the constitutional deprivations that Plaintiff alleged to have experienced. Simply stating that supervisors could or should have known is insufficient to establish liability under section 1983. See, e.g., Krainskin v. Nev. Ex rel. Bd. Of Regents of Nev. Sys. Of Higher Educ., 616 F.3d 963, 969 (9th Cir. 2010) (dismissing complaint because plaintiff "merely alleged in a conclusory fashion that the officers 'knew or should have known' " of the violation); Buckley v. Cty. of San Mateo, 2017 WL 3394747, at *2 (N.D. Cal. Aug. 8, 2017) ("Supervisor defendants are entitled to qualified immunity where the allegations against them are simply 'bald' or 'conclusory' because such allegations do not 'plausibly' establish the supervisors' personal involvement in their subordinates' constitutional wrong." (citing Iqbal, 556 U.S. at 675-84)); Sullivan v. Biter, 2017 WL 1540256, at *1 ("Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983."). Accordingly, Plaintiff fails to state a cognizable claim against any of the supervisor Defendants.

### F. Failure to Train

As to the allegation that supervisory Defendants failed to properly train Defendant Rodriguez, municipal liability arising from an alleged failure to train prison staff requires

8

allegations "that 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.' " Rodriguez v. City of Los Angeles, 891 F.3d 776, 802 (9th Cir. 2018), quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989). Individual liability based on a failure to train requires factual allegations of the individual's participation in the alleged constitutional violation. "[A] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 556 U.S. at 676-77 (rejecting argument that "a supervisor's mere knowledge of his subordinate's [unconstitutional actions] amounts to the supervisor's violating the Constitution.") "A supervisory official may be held liable under § 1983 only if 'there exists either (1) his or her personal involvement in the constitutional violation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' " Keates v. Koile, 883 F.3d 1228, 1242-43 (9th Cir. 2018) (quoting Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009) (internal quotation marks omitted).

Here, Plaintiff contends that Defendant Rodriguez's supervisors failed to train and/or supervise him resulting in deliberate indifference.  However, Plaintiff has not alleged facts demonstrating that supervisory Defendants were deliberately indifferent to a need for more or different training which would have resulted in Defendant Rodriguez separating inmate Stansell from Plaintiff on the yard.  In addition, Plaintiff has failed to demonstrate that his deprivation resulted from an official policy or custom established by a policymaker possessed with final authority to establish that policy.  Indeed, Plaintiff "cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989); see also Duenas v. Cty. of Riverside, No. EDCV 21-1645 (SPx), 2022 WL 2167601, at *4 (C.D. Cal. Apr. 7, 2022) ("Allegations of a single occurrence of an alleged constitutional

violation do[ ] not equate to a policy or custom."); Naranjo v. City of Redwood City, No. 19-cv-01549-YGR, 2019 WL 3842074, at *8 n.14 (N.D. Cal. Aug. 15, 2019) ("With respect to customs and practices, liability may not be premised on an isolated incident."). Accordingly, Plaintiff fails to state a cognizable claim for relief.

### G. State Law Claims

Plaintiff attempts to bring several state law claims, including negligence, false imprisonment, intentional infliction of emotional distress, criminal threats, assault and battery, unreasonable search and seizure, and Bane Act violation.

#### 1. Negligence

In California, a cause of action for negligence requires (1) a legal duty to use reasonable care; (2) breach of that duty; and (3) proximate cause between the breach and (4) the plaintiff's injury. Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998). "In California, prison officials owe detainees a duty to protect them from foreseeable harm." Cotta v. County of Kings, 686 F. App'x 467, 469 (9th Cir. 2017); Edison v. United States, 822 F.3d 510, 521 (9th Cir. 2016); Giraldo v. Cal. Dep't of Corr. & Rehab., 168 Cal. App. 4th 231, 252–53, 85 Cal.Rptr.3d 371 (2008). This standard requires a much lower level of culpability than deliberate indifference. See Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016).

Here, for the same reasons the Court has found a sufficient Eighth Amendment failure to protect claim, the complaint adequately alleges separate state law claims for negligence; however, the remainder of Plaintiff's state law claims are not cognizable. Mendoza, 66 Cal. App. 4th at 1339 (elements of negligence are duty to use reasonable care, breach of duty, and breach is the proximate cause of plaintiff's injury); Giraldo, 168 Cal. App. 4th 231, 252 (2008) ("jailers owe prisoners a duty of care to protect them from foreseeable harm").

#### 2. Intentional Infliction of Emotional Distress

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

10

1    extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

2    the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d at 571. Conduct is outrageous if

3    it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Id. In

4    addition to the requirement that the conduct be intentional and outrageous, the conduct must have

5    been directed at Plaintiff or occur in the presence of Plaintiff of whom Defendant was aware.

6    Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir.

7    2003).

8           Plaintiff alleges that "Defendants acts, actions, conduct, and omissions were utterly

9    intolerable, atrocious, in conscious disregard of the rights of the Plaintiff entitling the Plaintiff to

10   an award for intentional infliction of emotional distress." (ECF No. 12 at 26.)  Plaintiff's

11   allegations are insufficient to give rise to a cognizable claim for intentional infliction of emotional

12   distress as Plaintiff's allegations are nothing more than a legal conclusion.  While legal

13   conclusions can provide the framework of a complaint, they must be supported by well-pleaded

14   factual allegations.  There are no allegations suggesting that Plaintiff suffered "emotional distress

15   of such substantial quality or enduring quality that no reasonable [person] in civilized society

16   should be expected to endure it." Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1004

17   (1993) (alteration in original) (citations and internal quotation marks omitted).

18          In addition, as explained above, Plaintiff cannot seek liability by way of section 1983

19   against inmate Scott Stansell.  Accordingly, Plaintiff fails to state a cognizable claim for

20   intentional infliction of emotional distress.

21          3.      Assault and Battery

22          For an assault claim under California law, a plaintiff must show that (1) the defendant

23   threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the

24   plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the

25   conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in

26   causing the harm. Tekle v. U.S., 511 F.3d 839, 855 (9th Cir. 2007) (citation omitted).  For battery,

27   a plaintiff must show that (1) the defendant intentionally did an act that resulted in harmful or

28   offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and

(3) the contact caused injury, damage, loss, or harm to the plaintiff. Id. (citation omitted).

Here, although Plaintiff states a cognizable failure to protect claim, he fails to state any facts that Defendant Rodriguez submitted him to an use of force, let alone assault and battery. In addition, for the reasons above, Plaintiff cannot sue inmate Scott Stansell for assault and battery by way of section 1983. Accordingly, Plaintiff fails to state a cognizable claim for relief.

4. Bane Act Violation

The Bane Act punishes any "person or persons, whether or not acting under color of law, [who] interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal Civ. Code § 52.1(a). The Bane Act also provides a cause of action for anyone whose rights are harmed in this way. Id. § 52.1(b). In order to state a claim under the Bane Act, a plaintiff must allege "(1) interference with or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation, or coercion." Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67, 183 Cal.Rptr.3d 654 (2015).

Here, there are no allegations that any action taken by a Defendant contained threats, coercion, or intimidation in violation of the Bane Act. In addition, Plaintiff cannot seek liability against inmate Scott Stansell for any alleged violation of the Bane Act. Accordingly, Plaintiff fails to state a cognizable claim for relief.

**H. Further Leave to Amend**

In light of the fact that the Court informed Plaintiff previously of the relevant legal standards governing his claims and he has failed to cure the pleading deficiencies with respect to some claims, further leave to amend would be futile. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

///

///

# IV.

# ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's failure to protect and negligence claims against Defendant Rodriguez; and

2. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 2, 2024**

UNITED STATES MAGISTRATE JUDGE