UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIS RUBEN AUGUSTUS HOWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUEZ,<br><br>　　　　　Defendant. | No. 1:24-cv-00285-JLT-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO FILE MOTION FOR APPOINTMENT OF COUNSEL UNDER SEAL, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 20) |

　　　　Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendant Rodriguez for failure to protect and negligence.

　　　　Currently before the Court is Plaintiff's motion to seal and request for appointment of counsel, filed on August 22, 2024.  (ECF No. 20 at 1-20.)

**I.**

**DISCUSSION**

**A.　　Motion to Seal**

　　　　All documents filed with the court are presumptively public. Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Historically, courts have recognized a 'general

1

1  right to inspect and copy public records and documents, including judicial records and
2  documents.' ") (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)); San
3  Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-
4  established that the fruits of pretrial discovery are, in the absence of a court order to the contrary,
5  presumptively public.").

6  Two standards govern whether documents should be sealed: a "compelling reasons"
7  standard, which applies to dispositive motions, and a "good cause" standard, which applies to
8  non-dispositive discovery type motions. See Kamakana, 447 F.3d at 1179; see also Pintos v. Pac.
9  Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010). Courts determine whether good cause
10 exists to protect the information from being disclosed to the public by "balancing the needs for
11 discovery against the need for confidentiality." Id. at 1180 (quoting Phillips ex re. Estates of Byrd
12 v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).)

13 When a motion to seal is being made in connection with a non-dispositive motion, "the
14 usual presumption of the public's right of access is rebutted." Kamakana, 447 F.3d 1172, 1179-80
15 (9th Cir. 2006) (citations omitted). The "public has less of a need for access to court records
16 attached only to non-dispositive motions," and the "public policies that support the right of access
17 to dispositive motions, and related materials, do not apply with equal force to non-dispositive
18 materials." Id.  In this context, materials may be sealed where the party seeking sealing makes a
19 "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure
20 26(c). Id. at 1180 (quoting Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1138 (9th
21 Cir. 2003)).

22 Here, Plaintiff's seeks to seal his motion for appointment of counsel because he submitted
23 his military and mental health records in support thereof.  Plaintiff also seeks to seal a copy of a
24 civil rights complaint filed in another case pending in this Court, 1:24-cv-00447-GSA (PC).[1]
25 Because the motion to seal is being made in connection with plaintiff's motion for appointment of
26 counsel i.e., a non-dispositive motion, the presumption in favor of maintaining public access to

---

[1] Plaintiff provides no argument as to why the complaint filed in another public civil rights action should be sealed in this case and the Court finds no reason to do so.

2

1 court records is rebutted. See Kamakana, 447 F.3d at 1179-80. At this stage of the case and given
2 the procedural posture, the Court finds good cause to seal Plaintiff's military and mental health
3 records. However, the Court makes no findings as sealing any subsequent submission of
4 Plaintiff's mental and/or medical health records.

        **B.**        **Motion for Appointment of Counsel**

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners suffering from serious physical and mental health conditions who also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has found that Plaintiff's complaint states cognizable claims, this does not mean that Plaintiff will succeed on the merits. Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims and litigate this action. "Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and

3

disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel." See Jones v. Kuppinger, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015).  In addition, although Plaintiff submits several mental health records, the mere fact that Plaintiff receives mental health treatment does not make his case extraordinary.  Indeed, the Court is regularly faced with cases filed by prisoners proceeding pro se while receiving mental health treatment. See Siglar v. Hopkins, 822 F. App'x 610, 612 (9th Cir. 2020)1 (affirming the district court's decision to deny the plaintiff appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants"); Taylor v. Mimms, No. 1:18-cv-01356-AWI-BAM, 2019 WL 6828214, at *1 (E.D. Cal. Dec. 13, 2019) ("This Court is faced with many similar cases filed by prisoners proceeding pro se while receiving mental health treatment almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.").  Accordingly, Plaintiff's motion to appoint counsel shall be denied, without prejudice.

### C.     Amendment of Complaint

Within Plaintiff's motion for appointment of counsel, Plaintiff states he "now submits the attached post service amended complaint adding NIED/IIED state law claims [against] Rodriguez."  (ECF No. 20 at 4:11.)

The Federal Rules of Civil Procedure provide that a party may amend his or her complaint once as a matter of course within 21 days after service of a responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff must seek leave of court to amend the complaint by filing a fourth amendment because he has previously amended the complaint.

Where leave of court to amend is required and sought, the Court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will

1 promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking
2 leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the
3 original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson
4 v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).

5 Here, Plaintiff cannot seek to amend the complaint by way of an attachment to his motion
6 for appointment of counsel, without filing a separate motion seeking such relief and meeting the
7 Rule 15 standard. Thus, given that approval for leave to amend is necessary and because it is not
8 entirely clear whether Plaintiff is actually attempting to amend the complaint in this matter and he
9 did not file a separate motion seeking such relief, the Court makes no ruling on this matter.

10 Nonetheless, Plaintiff is advised that under California law, "[n]egligent infliction of
11 emotional distress is not an independent tort; it is the tort of negligence to which the traditional
12 elements of duty, breach of duty, causation, and damages apply." Ess v. Eskaton Properties, Inc.,
13 97 Cal. App. 4th 120, 126 (2002) (citing Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.,
14 48 Cal. 3d 583, 588 (1989)); see also Moon v. Guardian Postacute Services, Inc., 95 Cal. App. 4th
15 1005, 1009 (2002) ("NIED is a tort in negligence, and the plaintiff must establish the elements of
16 duty, breach of duty, causation, and damages"). "The elements of negligence are: (1) defendant's
17 obligation to conform to a certain standard of conduct for the protection of others against
18 unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a
19 reasonably close connection between the defendant's conduct and resulting injuries (proximate
20 cause); and (4) actual loss (damages)." McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008);
21 Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting same). Thus, Plaintiff may
22 recover for the negligence infliction of emotional distress as part of his negligence claim upon
23 which this Court already proceeds.

24 In addition, with regard to a claim for intentional infliction of emotional distress, as stated
25 in the Court's July 3, 2024, Findings and Recommendations, "Plaintiff's allegations are
26 insufficient to give rise to a cognizable claim for intentional infliction of emotional distress as
27 Plaintiff's allegations are nothing more than a legal conclusion. While legal conclusions can
28 provide the framework of a complaint, they must be supported by well-pleaded factual

allegations. There are no allegations suggesting that Plaintiff suffered "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it."[2] (ECF No. 14 at 11:10-16.)[3]  Thus, it appears that Plaintiff is attempting to improperly bootstrap a claim of IIED which has previously been dismissed.  However, because Plaintiff has failed to properly move to amend the complaint, the Court makes no ruling on this issue.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to seal his mental health records (ECF No. 20) is GRANTED, and pages 1-84 shall be SEALED; and

2. Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **August 28, 2024**                                    _____
                                                                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff did not file objections to the Findings and Recommendations, which were adopted in full on August 1, 2024, and the IIED claim was dismissed. (ECF No. 16.)

[3] The Court also notes that Plaintiff's proposed amended complaint, post-service is a nearly verbatim copy of the third amended complaint filed on June 20, 2024. (Compare ECF No. 12 with ECF No. 20 at 207-231.)