UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIS RUBEN AUGUSTUS HOWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUEZ,<br><br>　　　　　Defendant. | No. 1:24-cv-00285-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY ACTION<br><br>(ECF No. 26) |

　　　　Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion to stay the proceedings, filed October 31, 2024.

　　　　"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 707 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "The proponent of the stay bears the burden of establishing its need." Id. at 708. The following factors shall be considered when determining if a stay is appropriate: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the

1

1 orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972) (quoting CMAX, Inc. v. Hall, 300 F.2d 268 (9th Cir. 1962).)

Plaintiff requests that the Court stay the instant action until December 10, 2024, until he is released from prison and is able to obtain pro bono counsel to assist him in this matter. (ECF No. 36 at 2.) Although Plaintiff is free to pursue counsel in this matter, the Court is not inclined to stay this action which is pending a response by Defendants, even for the brief time requested. Plaintiff has failed to demonstrate that a stay is necessary and his desire to obtain counsel does not justify staying the proceedings. Indeed, there are no pending deadlines upon which Plaintiff must comply, and staying this action will only further delay its resolution. In addition, as stated in the Court's August 28, 2024, order, exceptional circumstances do not exist to warrant appointment of counsel in this case, and "the Court does not find that Plaintiff cannot adequately articulate his claims and litigate this action." (ECF No. 25 at 3.) If necessary, Plaintiff may seek an extension of time, if appropriate, in order to comply with any pending deadlines. Accordingly, Plaintiff's motion to stay this action is DENIED.

IT IS SO ORDERED.

Dated:   **November 1, 2024**

_____
UNITED STATES MAGISTRATE JUDGE