1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| KARLIS RUBEN AUGUSTUS HOWARD,<br><br>                        Plaintiff,<br><br>            v.<br><br>RODRIGUEZ,<br><br>                        Defendant. | No.  1:24-cv-00285-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO HALT DISCLOSURE AND OVERRULING OBJECTIONS TO EXTENSION OF TIME<br><br>(ECF No. 38) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's failure to protect and negligence claims against Defendant officer Rodriguez.

On October 28, 2024, the Court granted Defendant's request for an extension of time to file a responsive pleading.  (ECF No. 35.)

Currently before the Court is Plaintiff's "motion halting disclosure" and opposition to Defendant's previous request for an extension of time to file a responsive pleading.  (ECF Nos. 38, 39, 40.)

///

///

1

# I.

## DISCUSSION

Plaintiff seeks to "halt disclosures and discovery pending pre rule 26(f) conference…." (ECF No. 38.)  As Plaintiff was advised the Court's March 8, 2024, first informational order, "[a]fter defendants' answers are filed, the Court will issue an order opening discovery and setting deadlines for completing discovery, amending the pleadings, and filing dispositive motions. No discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin."  (ECF No. 2 at 4:17-19.)  Plaintiff is further advised that when the Court issues the discovery and scheduling order, the parties are specifically exempt from the meet and confer conference under Federal Rule of Civil Procedure 26(f).  Plaintiff attaches a copy of a letter mailed to him by defense counsel stating that "[u]nder section 3370(e) of Title 15 of the California Code of Regulations, this office will be requesting that the California Department of Corrections and Rehabilitation provide documents from your central file.  If you allege any injury to your health, this office will also request documents from your unit health record."  (ECF No. 39 at 5.)  Section 3370(e) of Title 15 of the California Code of Regulations provides that "[n]o case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for [...] the office of the attorney general [...] and as provided by applicable federal and state law." Courts have repeatedly held that this regulation supports the proposition that the Office of the Attorney General has access or control over documents contained within a prisoner plaintiff's central file, and has required defendants represented by the Office of the Attorney General to produce such documents in discovery. See, e.g., Steward v. Igbinosa, No. 118CV00551AWIBAMPC, 2021 WL 3722943, at *1 (E.D. Cal. Aug. 2021); Gann v. Kokor, No. 118CV00084AWIBAMPC, 2018 WL 2183839, at *1 (E.D. Cal. May 2018).  Plaintiff cannot seek to use this section to prevent Defendant from accessing his central file for review and evaluation in preparing a responsive pleading to his complaint.  Further, to the extent Plaintiff attempts to raise an issue regarding the confidentiality of his central file or health records, Plaintiff "do[es] not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them."

<u>Seaton v. Mayberg</u>, 610 F.3d 530, 534 (9th Cir. 2010).  Moreover, Plaintiff cannot seek to obtain a protective order because discovery is not yet open.[1]  Lastly, to the extent Plaintiff opposes Defendant's October 25, 2024 request to extend the time to file a responsive pleading, which was granted on October 28, 2024, Plaintiff's opposition lacks merit.  In seeking the extension of time, Defendant set forth good cause to support the need for an extension of the deadline because defense counsel needed additional time to receive and review  documents in order to prepare the responsive pleading.  (ECF No. 39 at 5.)

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to halt disclosure of documents (ECF No. 38) is DENIED, and Plaintiff's objection to Defendant's request for an extension of time to file a responsive pleading is OVERRULED.

IT IS SO ORDERED.

Dated:   **November 18, 2024**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] A party is authorized to move for a protective order and must show the court good cause for issuing a protective order. Fed. R. Civ. P. 26(c). To show good cause, the party seeking the protective order must show the specific prejudice or harm that will be the consequence of not granting a protective order. <u>Philips ex rel. Estates of Byrd v. General Motors Corps.</u>, 307 F.3d 1206, 1211-12 (9th Cir. 2002) (quotation and citations omitted); <u>see also Beckman Indus., Inc. v. International Ins. Co.</u>, 966 F.2d 470,476 (9thCir. 1992)(holding that the Rule 26(c) test is not met when a party makes broad allegations of harm that are unsubstantiated by specific examples or articulated reasoning). Protective orders may be issued in order to forbid certain disclosures or discovery, forbid a party from inquiring into certain matters, or to limit the scope of the disclosure or discovery of a certain matter. Fed. R. Civ. P. 26(c)(1)(A) and Fed. R. Civ. P. 26(c)(1)(D).