UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIS RUBEN AUGUSTUS HOWARD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RODRIGUEZ,<br><br>　　　　　Defendant. | No. 1:24-cv-00285-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER<br><br>(ECF No. 45) |

  Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Plaintiff's motion to strike Defendant's answer, filed December 23, 2024.

  Although a defectively pled affirmative defense can be stricken under Federal Rule of Civil Procedure 12(f), which authorizes the removal of "an insufficient defense," motions to strike such defenses are "regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Brooks v. Bevmo! Inc., et al., No. 20-CV-01216-MCE-DB, 2021 WL 3602152, at *1 (E.D. Cal. Aug. 13, 2021) (quoting Dodson v. Gold Country Foods, Inc., No. 2:13-cv-00336-TLN-DAD, 2013 WL 5970410 at * 1

1

(E.D. Cal. Nov. 4, 2013), citing Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)). "Accordingly, courts often require a showing of prejudice by the moving party before granting the requested relief." Id. (quoting Vogel v. Linden Optometry APC, No. CV 13–00295 GAF (SHx), 2013 WL 1831686 at * 2 (C.D. Cal. Apr. 30, 2013), citing Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005)). Where no such prejudice is demonstrated, motions to strike may therefore be denied "even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)." Id. (quoting N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009)). Ultimately, "whether to grant a motion to strike lies within the sound discretion of the district court." Id. (quoting California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

Plaintiff brings this motion to strike Defendant's answer or portions of the answer as insufficient, redundant, immaterial, impertinent, or scandalous.  However, Plaintiff has not shown that he would actually be prejudiced by the inclusion of any of the specific affirmative defenses he seeks to exclude.  This is insufficient, particularly since motions to strike affirmative defenses are not favored.  Accordingly, Plaintiff's motion to strike Defendants' answer is DENIED.

IT IS SO ORDERED.

Dated:   **January 6, 2025**

STANLEY A. BOONE
United States Magistrate Judge