UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIS RUBEN AUGUSTUS HOWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RODRIGUEZ,<br><br>　　　　　Defendant. | No. 1:24-cv-00285-JLT-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S APPEAREANCE AT DEPOSITION<br><br>(ECF No. 57) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion to compel Plaintiff's appearance for deposition, filed October 2, 2025.

**I.**

**BACKGROUND**

This action is proceeding on Plaintiff's failure to protect and negligence claims against Defendant Rodriguez. (ECF No. 16.)

On December 9, 2024, Defendant filed an answer to the operative complaint. (ECF No. 42.)

After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on February 21, 2025. (ECF No. 54.)

On October 2, 2025, Defendant filed the instant motion to compel. (ECF No. 57.) Plaintiff filed an opposition on October 22, 2025, and Defendant filed a reply on November 4, 2025. (ECF Nos. 58, 59.)

## II.

## LEGAL STANDARD

Defendant is entitled to conduct discovery, which includes the deposition of Plaintiff, to obtain all information pertaining to the factual allegations, and legal claims and defenses at issue in this action. Fed. R. Civ. P. 26(b)(1) & 30. Federal Rules of Civil Procedure 30(a)(2)(B) and (b)(1) allow a party to depose a prisoner by oral examination if the party obtains leave of court and gives other parties "reasonable written notice" of the time and place of the deposition and, if known, the deponent's name and address. "An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds." Fed. R. Civ. P. 30(c)(2). Objections must be stated *concisely* in a non-argumentative and non-suggestive manner. Id. The only authorized exceptions for a deponent to not answer a question are "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [motion to terminate or limit deposition]."

What is privileged is defined by the Federal Rules of Evidence; these rules include the privilege against self-incrimination. Campbell v. Gerrans, 592 F.2d 1054, 1057 (9th Cir.1979). "The principle of Fifth Amendment protection has been construed to permit the privilege to be asserted 'in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory.' " Id. (quoting Kastigar v. United States, 406 U.S. 441, 444 (1972)). The Fifth Amendment privilege against self-incrimination applies to evidence that may directly support a criminal conviction, information that would furnish a link in the chain of evidence that could lead to prosecution, and evidence that a witness reasonably believes could be used against him in a criminal prosecution. Maness v. Meyers, 419 U.S. 449, 461 (1972).

A failure to participate in discovery is in violation of Fed. R. Civ. P. 30 and 37. Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent. Under Federal Rule of Civil Procedure 37, when an adverse party fails to cooperate in discovery, the party seeking discovery may move to compel disclosure or

1  discovery. Fed. R. Civ. P. 37(a)(1).  In particular, this type of motion may be made if a deponent
2  fails to answer a deposition question: "[A]n evasive or incomplete disclosure, answer, or response
3  must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3)(B)(i) &
4  37(a)(4).  If the motion is granted and the deponent thereafter fails to comply with the court's
5  order to answer a deposition question, the failure may be treated as contempt of court and the
6  court may issue a variety of sanctions, including dismissal of the action. See Fed. R. Civ. P.
7  37(b).

## III.

## DISCUSSION

### A.   Defendant's Motion to Compel

Defendant moves to compel Plaintiff to appear for a deposition.

On August 22, 2025, Defendant served Plaintiff with a deposition notice, informing him that his deposition would take place on September 25, 2025.  (Declaration of John W. Nam (Nam Decl.) ¶¶ 3-4, Ex. A.)  Specifically, Defendant arranged for Plaintiff's deposition to take place remotely, facilitating Plaintiff's appearance over videoconference by providing remote login information for Plaintiff to utilize.  (Id. ¶ 3.)

Plaintiff failed to appear for his deposition on September 25, 2025.  Nor did Plaintiff contact Defendant prior to that date about his deposition or on the date the deposition to inform him of any issues.  (Nam Decl. ¶ 5, Ex. B.)  Defendant incurred substantial expenses in attempting to take Plaintiff's deposition on September 25, 2025, totaling over $3,556, although Defendant does not presently seek an award of those expenses as a sanction.  (Nam Decl. ¶ 6.)

In opposition, Plaintiff submits that he has not any contact with defense counsel from August 2025 to October 21, 2025 (the date the opposition as signed).  (ECF No. 58 at 3.) Plaintiff argues that Defendant failed to properly serve with the deposition notice at his *current* address.  (Id. at 4.)  Plaintiff also contends he did not agree to a remote deposition.  (Id. at 5.)

In reply, Defendant argues Plaintiff was properly served with the notice of remote deposition at the address of record, and Defendant is permitted to take a deposition by remote appearance.  (ECF No. 59 at 1-2.)

1   Defendant's motion to compel shall be granted.  First, Plaintiff was properly served with
2   the deposition notice at his address of record at that time.  A deposition notice is required to be
3   served upon every party to this action. Fed. R. Civ. P. 5(a)(1)(C). Service is accomplished by,
4   "mailing it to the person's last known address – in which event service is complete upon
5   mailing." Fed. R. Civ. P. 5(b)(2)(C).  In this instance, Defendant sent a deposition notice by U.S.
6   mail to the most recent address of record provided to the Court on June 13, 2025.  (ECF No. 55.)
7   Plaintiff is obligated to notify the Court and Defendant if his address of record changed, which
8   occurred on September 2, 2025, after Defendant had already served the deposition notice at issue.
9   (ECF No. 56.)  Thus, based on Defendant's service of the deposition notice at Plaintiff's address
10  of record, proper service was accomplished.

   Second, contrary to Plaintiff's contention, pursuant to the Court's scheduling and
discovery order Defendant is permitted to take a deposition by remote appearance.  (ECF No. 54
at 2, ¶ 3.)  Thus, it is of no consequence that Plaintiff did not agree to a remote appearance.

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to compel Plaintiff's participation at a remote deposition is GRANTED;
2. Defendant shall reschedule and renotice Plaintiff's deposition; and
3. The discovery deadline is extended **December 17, 2025**, solely to depose Plaintiff; and
4. The correlating dispositive motion deadline is extended to **January 21, 2026**.

IT IS SO ORDERED.

Dated:   **November 5, 2025**

STANLEY A. BOONE
United States Magistrate Judge